# SUPREME COURT.

## Timothy D. Porter agt. William E. Waring.

*Alleged breach of covenant in building a stable.*

Where the defendant covenanted to build a stable for the plaintiff in a certain manner, and that "the stable shall be constructed to correspond of like Philadelphia brick, with like trimmings; there shall be no openings in the sidewalk in front of the stable which shall be used only as a private stable, and shall be so managed as to leave the street in front of it free from stable rubbish or unnecessary annoyance of any kind:"

*Held*, that there being left an opening in front of the stable some five feet wide, would be, if it was in the sidewalk, a breach of the covenant. But the evidence showed that the opening was inside the line of fence adopted by the owners of all the lots from the Third to Lexington avenue; that no part of the opening was within the boundaries of the sidewalk.

A "sidewalk" defined.

*Special Term, February, 1874.*

Van Brunt, *J.*— This action is brought to restrain an alleged breach of a covenant, contained in a deed from the plaintiff to the defendant.

In disposing of this question I shall not attempt to discuss whether the plaintiff has, by any act of his or of his agent, Professor. Dwight, lost the right to enforce this covenant because the weight of evidence is decidedly in favor of the plaintiffs upon all those questions, and the claim made by the defendant in this respect must be considered as not established by the evidence, and if there has been a violation of the covenant the plaintiff has still the right to enforce obedience to it. The covenant in question is in these words:

Porter agt. Waring.

" The stable shall be constructed to correspond of like Phila-
delphia brick, with like trimmings; there shall be no open-
ings in the sidewalk in front of the stable, which shall be
used only as a private stable, and shall be so managed as to
leave the street in front of it free from stable rubbish or
unnecessary annoyance of any kind."

It is conceded that there is an opening in front of the
stable some five feet wide, and if it is in the sidewalk it is
undoubtedly a breach of the covenant. Some of the wit-
nesses upon the part of the plaintiff have sworn that this
opening is in the sidewalk, but the claim is made by the
defendant that it is not. By the diagram of the premises,
which it is admitted to be correct, it is shown that the open-
ing is within that line of fence adopted by the owners of all
the lots from the Third avenue to Lexington avenue; that no
part of the opening is within the boundaries of what is ever
used or can ever be claimed to be used as a part of the side-
walk. There is no evidence whatever that this fence
encroaches in the least upon the sidewalk or that all that
portion of the street which the laws require has not been
devoted to the purposes of sidewalk.

A sidewalk is defined to be " a raised way for foot passen-
gers at the side of a street or road — a foot pavement." I
cannot find from the evidence in this case that any part of
the space occupied by this opening could by any authority
whatever be required to be devoted to the use of foot pas-
sengers. It necessarily follows from these views that the
opening is not in the sidewalk, and that there has been no
breach in the covenant.